IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,968-01




EX PARTE JAMES CLAYTON DAVENPORT, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-03-7385 IN THE 276TH JUDICIAL DISTRICT COURT
FROM CAMP COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder, and was
sentenced to ninety-nine years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to move for competency and sanity evaluations, failed to perform an independent
investigation, failed to subpoena Applicant’s medical records, failed to investigate the possibility of
an insanity defense, failed to call witnesses to testify regarding Applicant’s mental health, failed to
advise the trial court that Applicant was heavily medicated at the time of the offense and the time
of the plea, and allowed Applicant to enter a plea in exchange for a ninety-nine year sentence
knowing that Applicant was not competent. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether counsel was aware of Applicant’s
mental health issues, and if so, whether there was any indication that Applicant was not competent
to enter a plea. The trial court shall make findings as to whether counsel investigated the possibility
of an insanity defense, and whether he considered having Applicant evaluated for competency and
sanity. The trial court shall make findings as to whether Applicant was advised of his options, and
as to whether his decision to plead guilty in exchange for a ninety-nine year sentence was made on
the advice of counsel. The trial court shall make findings as to whether the performance of
Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: December 8, 2010
Do not publish